SPECTOR, Judge.
Appellant was charged with assault with intent to commit murder in the first degree. A Nassau County jury found him guilty of a lesser offense — assault with intent to commit murder in the second degree.
The only error contended by appellant was the trial court’s failure to strike certain testimony given by a prosecution witness that he was booked and charged with disorderly conduct and resisting arrest. It is claimed that such testimony was irrelevant and immaterial to the issues raised by the charges filed against the appellant.
No case decision is cited by appellant in support of his contention and we have been able to find none. On the contrary, it seems to us that the testimony objected to did relate to the issues of the case and was proper for consideration by the jury.
The charges stemmed from an incident wherein appellant was talking publicly in what a patrolling police officer perceived to be a boisterous or profane manner. The officer placed the appellant under arrest when the appellant elected to continue his remonstration. It seems that appellant considered his conduct to be neither boisterous nor profane. He forcefully resisted the officer’s attempt to arrest him; and, as might be expected, the officer was also forceful in his determination to effect the arrest. An altercation between the two men resulted, and the arresting officer as well as another officer who stopped to render aid were wounded when, during what several witnesses described as a “tussling”, appellant suddenly came into possession of the first officer’s gun and shot him in the leg and the assisting officer in the stomach.
The evidence was somewhat in conflict as to which, the appellant or the officer, was the aggressor, but that question seems to have been resolved against the appellant by the jury. No citation of authority is necessary for the proposition that we may not reweigh the evidence and substitute our findings of fact for those made by the jury.
*746 Our consideration of the record on appeal and the briefs of the parties leads us to conclude that appellant’s point on appeal is not well taken; and error not having been shown, the judgment on appeal is
Affirmed.
WIGGINTON, C. J., and CARROLL, DONALD K., J., concur.